# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

RASHARD CALHOUN,

     Plaintiff,

v

WAYNE COUNTY, d/b/a Wayne County
Juvenile Detention Center, a political
Subdivision of the State of Michigan;
WARREN C. EVANS, *in his individual*
and his official capacity as Wayne County
Executive; ASSAD TURFE, Deputy
Wayne County Executive, *in his individual*
*capacity;* MELISSA FERNANDEZ, *in her*
*individual capacity* as Division Director of
Wayne County Juvenile and Youth Services
And Chief Administrator of Wayne County
Juvenile Detention Center; MACK D.
McGHEE, *in his individual capacity* and as
Division Director/Chief Administrator for the
Wayne County Juvenile Detention Facility;
KIMBERLY HEARD, *in her individual capacity*
as the Facility Manager for the Wayne County
Juvenile Detention Facility; TAMIKA LOFTON,
*in her individual capacity* As Facility Director for
the Wayne County Juvenile Detention Facility;
ANTHONY MOORMAN, *in his individual capacity* as
Deputy Director for the Wayne County
Juvenile Detention Facility; QUIOTIS
FLETCHER *in his individual capacity* as
Deputy Director for the Wayne County
Juvenile Detention Facility; DANTE SHIPP,
*in his individual capacity* as Operations
Supervisor for the Wayne County Juvenile
Detention Facility; KIRPHEOUS STEWART,
*in his individual capacity* as Wayne County
Juvenile Detention Center Deputy Director of
Operations; SVETLANA KURYANOVA, *in her*
*individual capacity,* TAMYRA DICKSON, *in*
*her individual capacity,* ANTHONY STRICKLAND,
*in his individual capacity,* LEONARD DIXON, *in his*
*individual capacity;* LAWRENCE JOHNSON *in*
*his individual capacity;* ELIZABETH HERTEL, *in her*

JURY TRIAL DEMANDED

Case No. 26-
Hon.

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

1

*individual capacity* as Director of the Michigan
Department of Health and Human Services; DEMETRUIS
STARLING, *in his individual capacity* as Senior
Deputy Director of the Michigan Department
of Health and Human Services; STEVEN
YAGER, *in his individual capacity* as
the Executive Director of the Division of
Child Welfare Licensing; ASHLEIGH
BROTHERSON, *in her individual*
*Capacity* as the Division Director of
Child Welfare Licensing for the Michigan
Department of Health and Human Services;

     Defendants.

**THE SAM BERNSTEIN LAW FIRM**
JOSEPH J. CEGLAREK II (P56791)
MATTHEW M. ANEESE (P75217)
LISA D. SCREEN (P56951)
MARK J. BERNSTEIN (P56528)
Attorneys for Plaintiff
31440 Northwestern Hwy., Suite 333
Farmington Hills, Michigan 48334
(248) 538-3151/Fax: (248) 737-4392
jceglarek@sambernstein.com
maneese@sambernstein.com
lscreen@sambernstein.com
mbernstein@sambernstein.com
pferus@sambernstein.com (Sec.)
mthomas@sambernstein.com (Sec.)
smcgee@sambernstein.com (Sec.)

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

## COMPLAINT AND DEMAND FOR JURY TRIAL

    **NOW COMES** the Plaintiff, RASHARD CALHOUN, by and through his counsel,

THE SAM BERNSTEIN LAW FIRM, by JOSEPH J. CEGLAREK, MATTHEW M. ANEESE,

and LISA D. SCREEN, and for his cause of action against all Defendants in their official,

professional, personal and individual capacities, respectfully alleges as follows:

## JURISDICTION AND VENUE

    1.  This is a civil rights action in which the Plaintiff, Rashard Calhoun ("Plaintiff")

seeks damages for the violations of Plaintiff's rights secured by the Fourth, Eighth and

2

Fourteenth Amendments of the United States Constitution; the laws of the United States, including but not limited to 42 U.S.C. §§ 1983 and 1988; as well as the statutes and common laws of the State of Michigan.

2.   This Court has original jurisdiction over the claims raised in this action, pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4) and to 42 U.S.C. §§ 1983 and 1988, and has supplemental jurisdiction in accordance with 28 U.S.C. §§ 1367.

3.   Venue is proper pursuant to 28 U.S.C § 1391(b)(2) and 28 U.S.C. § 1391 (c)(2) because the defendants reside, are domiciled within, and/or serve within the bounds of the Eastern District of Michigan and the acts or omissions alleged in this Complaint occurred in City of Hamtramck, County of Wayne, State of Michigan.

4.   This Court has supplemental jurisdiction over the state law claims, pursuant to 28 U.S.C. §1367.

5.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that the events and/or omissions giving rise to the claim occurred in this District and Defendants regularly conducted business within this Federal District, including accepting into their custody residents from this District.

6.   The amount in controversy, without interest and costs, exceeds $75,000.00.

## PARTIES

7.   Plaintiff re-asserts and incorporates here by reference each of the preceding paragraphs.

8.   Plaintiff, Rashard Calhoun ("Plaintiff") was/is a special needs, learning-disabled individual domiciled and residing within the United States of America and State of Michigan.

9.   Defendant, Wayne County is a political subdivision of the State of Michigan and has a legal duty to enact and enforce policies, procedures, protocols, and customs that conform with the Constitution of the United States, federal law, and the State of Michigan's laws and

THE
SAM BERNSTEIN
LAW FIRM
31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

3

Constitution when he was criminally sexually assaulted by a Juvenile Detention Specialist on April 8, 2024 while detained at the Wayne County Juvenile Detention Facility/William Dickerson Detention Facility (JDF).[1]

10. That it is clearly established as a matter of constitutional law that detention officials must ensure that detainees (in particular, juvenile detainees) receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the health and safety of the youthful detainees. *Farmer v. Brennan,* 511 U.S. 825, 832-33, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994) (citations omitted) (Holding that the Eight Amendment "imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care and must "take reasonable measures to guarantee the safety of inmates."

11. That for all times relevant herein, all reasonable officials in Defendants' positions would understand, and the Defendants in this action did in fact understand that their actions as alleged in this complaint violated Plaintiff's clearly established constitutional rights.

12. That Wayne County Juvenile and Youth Services Department administers the County's juvenile justice system of care from prevention to adjudication of juveniles and includes community re-integration of returning juveniles. The Department's responsibilities include detention, custody and care, residential treatment, and community-based services for Wayne County youth who have had formal contact with the family division of the Wayne County Third Circuit Court.

13. Upon information and belief and for all times relevant herein, Wayne County Defendants, specifically Wayne County Juvenile Detention Center, were/are a division of Defendant Wayne County and was created for the purpose of housing youths and providing

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

---

[1]The Wayne County Juvenile Detention Facility moved from downtown Detroit to the William Dickerson Facility located in Hamtramck in October of 2023.

constant supervision and support 24-hours/7-days a week to ensure the youth's safety, well-being and adherence to facility rules. This includes a duty to provide a safe, stable environment that supports the youth's physical, emotional and educational needs while in their exclusive custody and control.

14. That the Wayne County Defendants are sued in their individual capacities for actions taken under color of law, and are responsible for the operations of the JDF and ensuring the protection, safety, health, and well-being of the youth housed in the facility, in particular your Plaintiff, Rashard Calhoun.

15. That MDHHS Defendants, sued in their individual capacities for actions taken under color of law, are charged with overseeing the JDF, licensing the facility, and monitoring the facility to ensure that the JDF provides proper care, education, health, and protection to the youths detained, in particular your Plaintiff, Rashard Calhoun.

16. That for all times relevant herein, the Wayne County Defendants and the MDHHS Defendants had actual and/or constructive knowledge of the conditions inside the JDF, as well as the power, authority, and resources to have access to the JDF and to oversee it to ensure that it provides proper care to the youthful detainees, in particular your Plaintiff, Rashard Calhoun.

17. That upon information and belief and for all times relevant herein, Defendants were delegated a critical and legislatively mandated public function: (a) to provide a custodial setting for children adjudicated delinquent in juvenile court proceedings, as well as children at risk for delinquency or criminal conduct; (b) to carry out legislatively mandated control and related services; and (c) to provide appropriate sanction and rehabilitation under the laws governing punishment and treatment of juveniles for criminal acts.

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

18. That upon information and belief and for all times relevant herein, Defendants owned and operated the juvenile facility located at the William Dickerson Detention Facility, 3501 Hamtramck Drive, City of Hamtramck, County of Wayne, State of Michigan.

19. That upon information and belief and for all times relevant herein, Defendant, Svetlana Kuryanova ("Kuryanova")  was an employee of Defendants as a Juvenile Detention Specialist and while employed by the Defendants was under their direct control.

20. That for all times relevant herein, Defendants assigned Defendant Kuryanova to be a Juvenile Detention Specialist at the William Dickerson Detention Facility located at the above noted address within Wayne County.

21. That for all times relevant herein, Defendants placed Defendant Kuryanova in a position of authority over youth detainees, in particular your Plaintiff Rashard Calhoun, housed at the William Dickerson Detention Facility.

22. That for all times relevant herein, Defendant Kuryanova, an employee of Defendants, was cloaked with the color of state law and acted within the course and scope of her employment with Defendants at the William Dickerson Detention Facility.

23. That upon information and belief and for all times relevant herein, Defendant, Tamyra Dickson ("Dickson")  was an employee of Defendants as a Juvenile Detention Specialist and while employed by the Defendants was under their direct control.

24. That for all times relevant herein, Defendants assigned Defendant Dickson to be a Juvenile Detention Specialist at the William Dickerson Detention Facility located at the above noted address within Wayne County.

25. That for all times relevant herein, Defendants placed Defendant Dickson in a position of authority over youth detainees, in particular your Plaintiff Rashard Calhoun, housed at the William Dickerson Detention Facility.

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

26. That for all times relevant herein, Defendant Dickson, an employee of Defendants, was cloaked with the color of state law and acted within the course and scope of her employment with the Defendants.

27. That for all times relevant herein, Defendant, Anthony Strickland ("Strickland") was an employee of the Defendants and while employed by the Defendants was under their direct control.

28. That for all times relevant herein, the Defendants assigned Defendant Strickland to be a Juvenile Detention Specialist at the William Dickerson Detention Facility located at the above noted address within Wayne County.

29. That for all times relevant herein, Defendants placed Defendant Strickland in a position of authority over youth detainees, in particular your Plaintiff Rashard Calhoun, housed at the William Dickerson Detention Facility.

30. That for all times relevant herein, Defendant Strickland, an employee of Defendants, was cloaked with the color of state law and acted within the course and scope of his employment with the Defendants.

31. That for all times relevant herein, Defendant, Leonard Dixon ("Dixon") was an employee of the Defendants and while employed by the Defendants was under their direct control.

32. That for all times relevant herein, Defendants assigned Defendant Dixon to be the Director of Wayne County Juvenile Detention Facility at the William Dickerson Detention Facility located at the above noted address within Wayne County.

33. That for all times relevant herein, Defendants placed Defendant Dixon in a position of authority over youth detainees, in particular your Plaintiff Rashard Calhoun, housed at the William Dickerson Detention Facility.

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

7

34. That for all times relevant herein, Defendant Dixon, an employee of Defendants, was cloaked with the color of state law and acted within the course and scope of his employment with Defendants.

35. That upon information and belief and for all times relevant herein, Defendant, Mack McGhee (McGhee) was an employee of Defendants and while employed by the Defendants was under their direct control.

36. That upon information and belief and for all times relevant herein, Defendants assigned Defendant McGhee to be the Division Director/Chief Administrator of Institutional Care at the William Dickerson Detention Facility located at the above noted address within Wayne County.

37. That for all times relevant herein, Defendants placed Defendant McGhee in a position of authority over youth detainees, in particular your Plaintiff Rashard Calhoun, housed at the William Dickerson Detention Facility.

38. For all times relevant herein, Defendant McGhee, an employee of the Defendants, was cloaked with the color of state law and acted within the course and scope of his employment with the Defendants.

39. That That upon information and belief and for all times relevant herein, Defendant, Lawarence Johnson (Johnson) was an employee of Defendants and while employed by the Defendants was under their direct control.

40. That upon information and belief and for all times relevant herein, Defendants assigned Defendant Johnson to be one of the Supervisors of Defendant Kuryanova at the William Dickerson Detention Facility located at the above noted address within Wayne County.

41. That for all times relevant herein, Defendants placed Defendant Johnson in a position of authority over youth detainees, in particular your Plaintiff Rashard Calhoun, housed at the William Dickerson Detention Facility.

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

42. For all times relevant herein, Defendant Johnson, an employee of the Defendants, was cloaked with the color of state law and acted within the course and scope of his employment with the Defendants.

43. That for all relevant times herein, Defendant Wayne County was a local governing body, duly organized to carry out governmental functions within its geographical boundaries and on behalf of its citizens and designated to serve the public's interests as well as and/or including its residents.

44. That for times relevant herein, Defendant Warren Evans (Evans) is the Executive of Wayne County and is/was responsible for operating JDF, making policies and procedures related to JDF, ensuring that policies and procedures were followed, disciplining employees who violated policies and procedures and rules, maintaining the care and custody of youths confined at the JDF and ensuring the protection, safety, health and well-being of the youths housed in the facility.

45. That for all times relevant herein, Defendant Evans had and has full power, control and authority to have access to the facility and to oversee the facility in the supervision and control of JDF affairs to ensure that the staff is providing proper care to the juvenile residents in the JDF.

46. That for all times relevant herein, Defendant Evans was/is responsible for ensuring that the JDF abides by the laws, policies, and regulations of the State of Michigan and of the United States of America.

47. That Defendant Evans is being sued in his individual capacity for actions taken under color of law.

48. That upon information and belief and for all times relevant herein, Defendant Assad Turfe is/was the Deputy Wayne County Executive and is/was responsible for operating JDF, making policies and procedures related to JDF, ensuring that policies and procedures were

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

9

followed, disciplining employees who violated policies and procedures and rules, maintaining the care and custody of youths confined at the JDF and ensuring the protection, safety, health and well-being of the youths housed in the facility.

49. That for all times relevant herein, Defendant Turfe had and has full power, control and authority to have access to the facility and to oversee the facility in the supervision and control of JDF affairs to ensure that the staff is providing proper care to the juvenile residents in the JDF.

50. That for all times relevant herein, Defendant Turfe was/is responsible for ensuring that the JDF abides by the laws, policies, and regulations of the State of Michigan and of the United States of America.

51. That Defendant Turfe is being sued in his individual capacity for actions taken under color of law.

52. That upon information and belief and for all times relevant herein, Defendant Melissa Ann Fernandez is/was the Division Director of Wayne County Juvenile and Youth Services and Chief Administrator of JDF and is/was responsible for operating JDF, making policies and procedures related to JDF, ensuring that policies and procedures were followed, disciplining employees who violated policies and procedures and rules, maintaining the care and custody of youths confined at the JDF and ensuring the protection, safety, health and well-being of the youths housed in the facility.

53. That for all times relevant herein, Defendant Fernandez had and has full power, control and authority to have access to the facility and to oversee the facility in the supervision and control of JDF affairs to ensure that the staff is/was providing proper care to the juvenile residents in the JDF.

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

54. That for all times relevant herein, Defendant Fernandez was/is responsible for ensuring that the JDF abides by the laws, policies, and regulations of the State of Michigan and of the United States of America.

55. That Defendant Fernandez is being sued in her individual capacity for actions taken under color of law.

56. That upon information and belief and for all times relevant herein, Defendant Tamika Lofton is/was the Facility Director for the JDF and is/was responsible for operating JDF, making policies and procedures related to JDF, ensuring that policies and procedures were followed, disciplining employees who violated policies and procedures and rules, maintaining the care and custody of youths confined at the JDF and ensuring the protection, safety, health and well-being of the youths housed in the facility.

57. That for all times relevant herein, Defendant Lofton had and has full power, control and authority to have access to the facility and to oversee the facility in the supervision and control of JDF affairs to ensure that the staff is providing proper care to the juvenile residents in the JDF.

58. That for all times relevant herein, Defendant Lofton was/is responsible for ensuring that the JDF abides by the laws, policies, and regulations of the State of Michigan and of the United States of America.

59. That Defendant Lofton is being sued in her individual capacity for actions taken under color of law.

60. That upon information and belief and for all times relevant herein, Defendant Kimberly Heard is/was the Facility Manager for the JDF and is/was responsible for operating JDF, making policies and procedures related to JDF, ensuring that policies and procedures were followed, disciplining employees who violated policies and procedures and rules, maintaining

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

the care and custody of youths confined at the JDF and ensuring the protection, safety, health and well-being of the youths housed in the facility.

61. That for all times relevant herein, Defendant Heard had and has full power, control and authority to have access to the facility and to oversee the facility in the supervision and control of JDF affairs to ensure that the staff is providing proper care to the juvenile residents in the JDF.

62. That for all times relevant herein, Defendant Heard was/is responsible for ensuring that the JDF abides by the laws, policies, and regulations of the State of Michigan and of the United States of America.

63. That Defendant Heard is being sued in her individual capacity for actions taken under color of law.

64. That upon information and belief and for all times relevant herein, Defendant Anthony Moorman is/was the Deputy Facility Director for the JDF and is/was responsible for operating JDF, making policies and procedures related to JDF, ensuring that policies and procedures were followed, disciplining employees who violated policies and procedures and rules, maintaining the care and custody of youths confined at the JDF and ensuring the protection, safety, health and well-being of the youths housed in the facility.

65. That for all times relevant herein, Defendant Moorman had and has full power, control and authority to have access to the facility and to oversee the facility in the supervision and control of JDF affairs to ensure that the staff is providing proper care to the juvenile residents in the JDF.

66. That for all times relevant herein, Defendant Moorman was/is responsible for ensuring that the JDF abides by the laws, policies, and regulations of the State of Michigan and of the United States of America.

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

67. That Defendant Moorman is being sued in his individual capacity for actions taken under color of law.

68. That upon information and belief and for all times relevant herein, Defendant Quiotis Fletcher is/was the Deputy Facility Director for the JDF and is/was responsible for operating JDF, making policies and procedures related to JDF, ensuring that policies and procedures were followed, disciplining employees who violated policies and procedures and rules, maintaining the care and custody of youths confined at the JDF and ensuring the protection, safety, health and well-being of the youths housed in the facility.

69. That for all times relevant herein, Defendant Fletcher had and has full power, control and authority to have access to the facility and to oversee the facility in the supervision and control of JDF affairs to ensure that the staff is providing proper care to the juvenile residents in the JDF.

70. That for all times relevant herein, Defendant Fletcher was/is responsible for ensuring that the JDF abides by the laws, policies, and regulations of the State of Michigan and of the United States of America.

71. That Defendant Fletcher is being sued in his individual capacity for actions taken under color of law.

72. That upon information and belief and for all times relevant herein, Defendant Dante Shipp is/was the Operations Supervisor for the JDF and is/was responsible for operating JDF, making policies and procedures related to JDF, ensuring that policies and procedures were followed, disciplining employees who violated policies and procedures and rules, maintaining the care and custody of youths confined at the JDF and ensuring the protection, safety, health and well-being of the youths housed in the facility.

73. That for all times relevant herein, Defendant Shipp had and has full power, control and authority to have access to the facility and to oversee the facility in the supervision

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

13

and control of JDF affairs to ensure that the staff is providing proper care to the juvenile residents in the JDF.

74. That for all times relevant herein, Defendant Shipp was/is responsible for ensuring that the JDF abides by the laws, policies, and regulations of the State of Michigan and of the United States of America.

75. That Defendant Shipp is being sued in his individual capacity for actions taken under color of law.

76. That upon information and belief and for all times relevant herein, Defendant Kirpheous Stewart is/was the Wayne County Juvenile Detention Center Deputy Director of Operations and is/was responsible for operating JDF, making policies and procedures related to JDF, ensuring that policies and procedures were followed, disciplining employees who violated policies and procedures and rules, maintaining the care and custody of youths confined at the JDF and ensuring the protection, safety, health and well-being of the youths housed in the facility.

77. That for all times relevant herein, Defendant Stewart had and has full power, control and authority to have access to the facility and to oversee the facility in the supervision and control of JDF affairs to ensure that the staff is providing proper care to the juvenile residents in the JDF.

78. That for all times relevant herein, Defendant Stewart was/is responsible for ensuring that the JDF abides by the laws, policies, and regulations of the State of Michigan and of the United States of America.

79. That Defendant Stewart is being sued in his individual capacity for actions taken under color of law.

80. That upon information and belief and for all times relevant herein, Defendant Elizabeth Hertel is/was the Director of the Michigan Department of Health and Human Services

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

14

(MDHHS), charged with overseeing the JDF, licensing the facility, and monitoring the facility to ensure that the JDF provides proper care, education, health and protection to the youths detained within the facility.

81. That for all times relevant herein, Defendant Hertel is/was responsible for developing and implementing policies and procedures for the operation and management of the JDF and its employees, including the care, custody and protection of the residents under the JDF jurisdiction.

82. That for all times relevant herein, Defendant Hertel, as Director of MDHHS, had full control, power and authority to have access to the facility and to oversee the facility in the supervision and control JDF affairs to ensure that the staff is/was providing proper care to the juvenile residents in the JDF.

83. That for all times relevant herein, Defendant Hertel, as Director of MDHHS, was/is responsible for providing state residential treatment facilities for adjudicated youth to obtain mental health care and other services necessary to complete their sentences.

84. That for all times relevant herein, Defendant Hertel, as Director of MDHHS, was/is responsible for ensuring that the JDF abide by the laws, policies and regulations of the State of Michigan and of the United States of America.

85. That Defendant Hertel was directly involved in the concerns related to the JDF as early as the fall of 2022.

86. That Defendant Hertel is being sued in her individual capacity for actions taken under color of law.

87. That upon information and belief and for all times relevant herein, Defendant Demetruis Starling is/was the Senior Deputy Director of the Michigan Department of Health and Human Services (MDHHS), charged with overseeing the JDF, licensing the facility, and

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

monitoring the facility to ensure that the JDF provides proper care, education, health and protection to the youths detained within the facility.

88. That for all times relevant herein, Defendant Starling is/was responsible for developing and implementing policies and procedures for the operation and management of the JDF and its employees, including the care, custody and protection of the residents under the JDF jurisdiction.

89. That for all times relevant herein, Defendant Starling, as Senior Deputy Director of MDHHS, had full control, power and authority to have access to the facility and to oversee the facility in the supervision and control JDF affairs to ensure that the staff is/was providing proper care to the juvenile residents in the JDF.

90. That for all times relevant herein, Defendant Starling, as Senior Deputy Director of MDHHS, was/is responsible for providing state residential treatment facilities for adjudicated youth to obtain mental health care and other services necessary to complete their sentences.

91. That for all times relevant herein, Defendant Starling, as Senior Deputy Director of MDHHS, was/is responsible for ensuring that the JDF abide by the laws, policies and regulations of the State of Michigan and of the United States of America.

92. That Defendant Starling is being sued in his individual capacity for actions taken under color of law.

93. That upon information and belief and for all times relevant herein, Defendant Steven Yager is and was the Executive Director of the Division of Child Welfare Licensing (CWL) for the MDHHS and was responsible for overseeing and monitoring onsite inspections of the JDF to determine compliance to improve the quality of service and investigating complaints alleging violations of licensing rules or law, and ensuring the protection of children who are/were receiving care from the JDF by enforcing rules and laws such as the Child Care

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

Organizations Act (1973 PA 116) and revoking the license if the JDF was failing to do so and jeopardizing the safety, health and well-being of the youth housed in the facility.

94. That Defendant Yager is being sued in his individual capacity for actions taken under the color of law.

95. That upon information and belief and for all times relevant herein, Defendant Ashleigh Brotherson is and was the Division Director of the Division of Child Welfare Licensing (CWL) for the MDHHS and was responsible for overseeing and monitoring onsite inspections of the JDF to determine compliance to improve the quality of service and investigating complaints alleging violations of licensing rules or law, and ensuring the protection of children who are/were receiving care from the JDF by enforcing rules and laws such as the Child Care Organizations Act (1973 PA 116) and revoking the license if the JDF was failing to do so and jeopardizing the safety, health and well-being of the youth housed in the facility.

96. That Defendant Brotherson is being sued in her individual capacity for actions taken under the color of law.

### INTRODUCTION

97. Plaintiff re-asserts and incorporates here by reference each of the preceding paragraphs.

98. For all times relevant herein, Defendants operated, supervised and controlled the William Dickerson Detention Facility which is a residential facility where juveniles are placed by the judicial system or their parents in the City of Hamtramck, Wayne County, Michigan.

99. Upon information and belief in October of 2022, Defendants transitioned all operations regarding juvenile detention to The William Dickerson Detention Facility located at 3501 Hamtramck Drive, City of Hamtramck, County of Wayne and since that time it has been an operational juvenile detention facility.

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

17

100.  Upon information and belief, Defendants Wayne County and JDF accepted juveniles court-ordered or otherwise placed into their custody in Saginaw, Washtenaw, Wayne County and other Michigan Counties, by their respective parents, judges, and/or child protective and care agencies and placed said juveniles, in particular your Plaintiff Rashard Calhoun, at the William Dickerson Detention Facility.

101.  That since Defendants opened the Dickerson JDF, Defendants promulgated a policy, custom or practice to maintain the living conditions of the Dickerson JDF in deplorable conditions so much that Plaintiff Calhoun and other youths were denied:

> a.  *Showers and basic hygiene;*
> b.  *Adequate change of clothes;*
> c.  *Recreational time;*
> d.  *Ability to leave their room for 22 to 24 hours per day;*
> e.  *Educational programming;*
> f.  *Necessary medication; and*
> g.  *Sufficient food and sustenance.*[2]

102.  That at the Dickerson JDF and during Plaintiff Calhoun's detention, Defendants promulgated a policy, custom and practice of:

> a.  *Locking youthful detainees in their rooms for 22 to 24 hours a day;*
> b.  *Allowing youthful detainees to be out of room unsupervised and outside the line of vision of JDF Staff;*
> c.  *Maintaining dangerous and inadequate staff to resident ration in violation of the Prison Rape Elimination Act (PREA);*
> d.  *Reckless vetting, hiring and retaining staff who have a history of child abuse and/or neglect;*
> e.  *Directing JDF staff not to intervene when youthful detainees are being sexually and/or physically assaulted;*

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

---

[2]On September 29, 2023, the MDHHS issued a Special Investigation Report (SIR) – No. 2023C0000340 – placing the JDF on a provisional license, MCL section 722.117(a), finding that every possible form of neglect and inhumane conditions exists for the JDF youth, including but not limited to:

> a.  *Showers and basic hygiene;*
> b.  *Adequate change of clothes;*
> c.  *Recreational time;*
> d.  *Ability to leave their room for 22 to 24 hours per day;*
> e.  *Educational programming;*
> f.  *Necessary medication; and*
> g.  *Sufficient food and sustenance*

18

f. *Not maintaining 15-minute checks on detainees;*

g. *Not securing vacant rooms;*

h. *Directing supervision to remain in the Unit Control Room which does not have direct visual contact with all rooms in a housing unit;*

i. *Placing younger juveniles in confinement with older detainees;*

j. *Placing younger juveniles in confinement with detainees who have a history of sexual misconduct;*

k. *Permitting JDF Staff to be alone and unsupervised with detainees in vacant rooms off camera;*

l. *Permitting JDF Staff to inappropriately contact and touch detainees;*

m. *Permitting JDF Staff to sexually assault youth detainees, in particular your Plaintiff, Rashard Calhoun;*

n. *Failing to intervene when inappropriate, sexual assault is being observed on camera and live in person;*

o. *Making jokes, inappropriate comments, toward detainees, in particular your Plaintiff Rashard Calhoun, after the sexual assault by a JDF staff member had taken place.*

103. For all times relevant herein, Defendants failed to enact safety appropriate measures and other polices to protect said juveniles, in particular your Plaintiff Rashard Calhoun; failed to adequately screen potential staff; failed to properly hire, train, and supervise staff; and failed to fulfill its duties under state and federal law and, as a result of the Defendants' failures, it created an environment, policy, widespread custom of deliberate indifference to juvenile inmate safety and resulted in Plaintiff Rashard Calhoun suffering physical and sexual abuse by Defendant Kuryanova.

104. That Defendants' operation of the William Dickerson Detention Facility acted as an arm of Wayne County and/or the State of Michigan, where it operated, providing a core public function, acting under the color of law for 42 U.S.C. § 1983 liability purposes.

105. That Defendants violated clearly established federal Constitution and statutory rights of your Plaintiff pursuant to the Fourth, Eighth and Fourteenth Amendments, and committed various tortious conduct under state law, by subjecting your Plaintiff to unlawful, harmful and degrading mental and sexual abuse, including but not limited to using authoritative intimidation, physical contact, and forceful intimate touching including unlawful oral sex and

THE
**SAM BERNSTEIN**
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

by otherwise failing to protect your Plaintiff from harm and injuries more specifically set forth below.

106. For all times relevant herein, Defendants created this environment of deliberate indifference toward juvenile inmate safety and caused the injuries and harm to Plaintiff by failing to properly vet, train, supervise, and discipline staff members and as a result, Defendants and their employees engaged in the prohibited conduct on a systematic basis with the expectation that their conduct would not be subject to discipline or sanctions.

107. That Defendants' policies, customs and practices as set forth above and below constituted deliberate indifference to Plaintiff's health, wellbeing and safety and were implemented with the express intent to punish Plaintiff and/or created detention conditions not rationally related to a legitimate governmental objective and/or constituted punishment that was excessive in relation to that purpose.

108. That on January 3, 2024, MDHHS issued a report identified as SIR – No. 2023C0000325, investigating the circumstances of a March 2023 sexual assault and found that the Wayne County Defendants engaged in deliberately indifferent conduct and maintained practices, policies and customs that violated numerous rules promulgated by the Department of Consumer and Industry Service Division of Child Welfare Licensing for Juvenile Facilities, and set forth in the Juvenile Justice Residential Policy Manual including:

       a.      *CCI Rule 400.4126 – Sufficient staff;*
       b.      *CCI Rule 400.4127 – Staff to Resident Ratio;*
       c.      *CCI Rule 400.4158 – Intervention Standards and Prohibitions.*[3]

109. That after a March 22, 2023, sexual assault occurred at the Dickerson JDF, Defendant Evans, Wayne County Executive stated the following Public Emergency Order regarding the conditions of Dickerson JDF:

THE
**SAM BERNSTEIN**
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

---

[3] January 2, 2024 SIR 2023C0000325.

"The situation has become untenable for nearly 140 youth that are currently residing there," Evans said in his remarks. "Extraordinary action has become necessary, which is why today I'm calling for public health state of emergency."

"This order, under the powers of the county health officer, will allow us to establish an incident command structure reporting directly to me which will expedite action to adequately staff and provide therapeutic services in the facility. But in the end, the most important action needed to address the situation is for the state to provide long-term residential beds."

110. That on April 8, 2024, approximately a year after the violent rape of a 12-year-old at the Dickerson JDF and roughly three months after the MDHHS issued its report, Plaintiff Rashard Calhoun was sexually assaulted by a JDF staff member, Defendant Kuryanova.

111. That Defendants' policies, customs, and practices and their actions and inactions constitute deliberate indifference to the welfare, health and safety of Plaintiff Calhoun and violated his constitutional rights.

112. That Defendants caused the injuries and harm alleged through a pattern of said behaviors as a matter of custom and practice whereby Defendants and their employees engaged in the prohibited conduct on a systematic basis with the expectation that their conduct would not be subject to discipline or sanctions.

113. That Defendants created an environment which failed to protect Plaintiff from sexual abuse by its staff, in particular Defendant Kuryanova, and be the subject of ridicule by other employees and juvenile inmates at the William Dickerson Detention Facility.

114. That as a result of Defendants' policies, customs and practices, Plaintiff suffered and continues to suffer harm, including denial of his civil rights (pursuant to 4th, 8th and 14th amendments), violations of 42 USC 1983, rape, unlawful and grossly negligent intimate physical touching, unlawful and grossly negligent authoritative intimidation, unlawful and misuse of fiduciary authority, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life, all of which adversely affects his daily activities and the full enjoyment of life.

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

21

115. Plaintiff has and will in the future sustain a loss of earnings and earning capacity and has and will continue to incur expenses for medical and psychological treatment, therapy and counseling.

116. Accordingly, Plaintiff makes individual claims for the abuse he suffered from Defendants' policies, customs and conduct; to hold Defendants accountable for the harm they caused him and to prevent these deplorable acts from ever occurring at the JDF in the future.

## FACTUAL ALLEGATIONS

117. Plaintiff re-asserts and incorporates here by reference each of the preceding paragraphs.

118. That since the Defendants transitioned all juvenile detention to the William Dickerson Detention Facility, Defendants have fostered an atmosphere and widespread culture of deliberate indifference to the protection of the civil rights, including 4th, 8th, 14th and 42 USC 1983, of its juvenile detainees as demonstrated by the following:

- In March of 2023, a 12-year-old boy was allegedly beaten and then sexually assaulted by five other juvenile detainees (litigation ensued)
- In 2023, Defendant Wayne County issued a public health emergency order for the William Dickerson Detention Facility which required the State to come in with enhanced oversight for a period of time.
- In 2023, Wayne County Executive is quoted as saying the conditions at the William Dickerson Detention Facility were "untenable" with issues of overcrowding, assaults and lacked general necessities for detained youths
- Upon a State investigation, it was determined that the staff engaged in "deliberately indifferent conduct"
- In December of 2023, two individual nurses who were employed at the William Dickerson Detention Facility were allegedly fired for whistleblowing on Defendants Wayne County and JDF for the unsafe and understaffed conditions. Their allegations included lack of staff, deplorable living conditions, expired medication, and lack of medical supplies;
- In January of 2024, SIR confirmed the allegations made by the two nurses;
- In September of 2024, it was reported that a city of Detroit retired police officer who had worked at the William Dickerson Detention Facility for approximately four months was fired for allegedly violating rules by attempting to document the unsafe conditions and understaffing calling it

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

22

a "powder keg."  He described as what he had seen was causing him nightmares.

- In July of 2025, Defendant Kuryanova was convicted of sexually assaulting two juvenile inmates (one is the Plaintiff Rashard Calhoun) while she was an employee of Defendant Wayne County and JDF at the William Dickerson Detention Facility.

119.  That on or about April 8, 2024, Plaintiff, Rashard Calhoun was a minor and a juvenile detainee of Defendants' facility located at the William Dickerson Detention Facility by Court order.

120.  At all times relevant hereto, Plaintiff, Rashard Calhoun was a victim of authoritative intimidation, physical, sexual and emotional abuse during his time at Defendant's Juvenile Detention Facility, namely the William Dickerson Detention Facility by its staff members.

121.  Plaintiff avers that Defendants knew or should have known that the widespread culture and custom by the Defendants fostered an environment of deliberate indifference to the protection of its detained juvenile inmates', namely your Plaintiff, civil rights, in particular Defendants' violation of your Plaintiff's 4th, 8th and 14 amendment rights, including protection from cruel and unusual punishment.

122. That as a result of Defendants multiple failures to protect the Plaintiff's civil rights and its creation of a widespread culture of deliberate indifference, Defendant Kuryanova was permitted to, and in fact did, sexually assault your Plaintiff Rashard Calhoun while he was a juvenile inmate at the William Dickerson Detention Facility.

123.  For all times relevant herein, Defendants, through its staff at the William Dickerson Detention Facility, actively discouraged and prevented disclosure to third parties about any claims of child abuse, physical, sexual or mental abuse, made against any staff member at the facility operated by Defendants.

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

124.  For all times relevant herein, Defendant Kuryanova was an employee of Defendants as a Juvenile Detention Specialist at William Dickerson Detention Facility and assigned to Pod E3 for the afternoon shift; to wit: 3:00 p.m.-11:00 p.m.

125.  For all times relevant herein, Defendants provided and approved Defendant Kuryanova to have access to its juvenile detainees, specifically Plaintiff Rashard Calhoun.

126.  For all times relevant herein, Defendants policies created an environment whereby Defendant Kuryanova was permitted to be alone and unsupervised with your Plaintiff Rashard Calhoun both on specified cameras and in areas where there were no cameras.

127.  That for all times relevant herein, Defendant Dickson, was employed by Defendants at the William Dickerson Detention Facility as a Juvenile Detention Specialist, assigned to the Control Room of the facility monitoring the closed-circuit television (CCTV).

128.  That at approximately 7:55 p.m., Defendant Dickson, while monitoring live CCTV of Pod E3, observed Defendant, Kuryanova and your minor Plaintiff on the lower-level common area seated in chairs facing each other holding hands for approximately 40 minutes.

129.  That during the approximate 40 minutes of footage, Defendant Dickson observed Defendant Kuryanova unlawfully, willfully, and wantonly perform the following acts:

> *19:55 - Calhoun and Kuryanova observed sitting in chairs facing each other. Calhoun touched Kuryanova's left forearm.*
>
> *19:55:44 - Kuryanova encouraged Calhoun to place his right hand over Kuryanova's left hand and touch her left knee.*
>
> *19:56:12 - Kuryanova encouraged Calhoun to caress Kuryanova's left forearm.*
>
> *19:56:24 – Kuryanova encouraged Calhoun to stroke Kuryanova's left breast, Kuryanova looked down. Calhoun pulled his chair closer to Kuryanova.*
>
> *20:03:32 - Kuryanova observed touching Calhoun's hands. Kuryanova and Calhoun observed engaged holding hands as other residents move around them.*
>
> *20:09:46 – Kuryanova encouraged Calhoun to lean forward and appears to kiss Kuryanova's hand. Both continue to hold hands.*

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

24

*20:19:30 - Kuryanova permitted Calhoun to lean forward and rest his head on top Kuryanova's hands. Kuryanova again permitted Calhoun to kiss Kuryanova's hand.*

*20:32:00 - Kuryanova held a book in her lap and permitted and encouraged Calhoun to put his hands on Kuryanova's inner thighs and slide them upward.*

*20:42:00 - Calhoun and Kuryanova stand up and leave the lower level.*

*21:33:00 - Calhoun and Kuryanova observed walking to the front office area out of sight of cameras.*

*21:45:20 - Calhoun and Kuryanova again observed waking to the front office area, holding hands, out of sight of camera.*

*22:25:00 - Kuryanova observed stepping into Calhoun's room (6) out of view of camera for approximately (2) minutes.*

130. That despite Defendant Dickson presently observing Defendant Kuryanova's unlawful, willful and wanton acts of sexual abuse and abuse of authority, Defendant Dickson failed to stop, interrupt, prohibit or protect your Plaintiff Rashard Calhoun from being abused during the entire 40-minute-period.

131. That at some time thereafter, Defendant Dickson reported Defendant Kuryanova's unlawful, willful and wanton abusive conduct to her supervisors Defendant Johnson and Defendant Strickland who responded to the control room and reviewed the video.

132. That despite Defendant Strickland's actual knowledge of Defendant Kuryanova's unlawful, willful and wanton abusive conduct, Defendant Strickland failed to take any action to protect your Plaintiff Rashard Calhoun.

133. That on April 9, 2024, Defendant Johnson reported the incident to the William Dickerson Detention Facility Manager, Defendant Heard. Defendant Heard reported the incident to SIU, Investigator Glass.

134. That on April 10, 2024, Investigator Glass conducted a video review of Pod E3 encompassing April 8, 2024, covering the time periods of 3:00 p.m. through 4:00 pm.

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

25

135. That the video confirmed that Defendant Kuryanova interacted intimately, unlawfully, willfully and wantonly in a sexual manner with Plaintiff, Calhoun throughout most of her eight (8) hour shift.

136. That in addition, the video confirmed that multiple other employees and inmates observed the intimate and in appropriate contact between Defendant Kuryanova and your minor Plaintiff, Rashard Calhoun.

137. That the video further confirmed that Defendant Kuryanova directed other employees and inmates to leave the area so that she and the minor Plaintiff could be left alone.

138. That in addition to a review of the surveillance footage, Investigator Glass performed interviews of Defendant Dickson, Defendant Strickland, Supervisor Lawrence Johnson, Operations Manager Kimberly Heard, JDS Raquel Pate, Defendant Kuryanova, Plaintiff Calhoun, and several other juvenile detainees.

139. That Investigator Glass interviews with these interviews confirmed the above unlawful acts and uncovered additional acts including but not limited to the following:

- *Supervisor Johnson reviewed a portion of the video, confirmed that Defendant Kuryanova acted unlawfully, intimately but refused to watch anymore and chose to leave the Control room;*
- *Defendant Strickland reviewed the surveillance video, confirmed Defendant Kuryanova's unlawful, willful and abusive acts and **in fact had admitted that he had previously spoke to Defendant Kuryanova about her unprofessional and inappropriate interactions with the juvenile detainees;***
- *JDS Pate witnessed the unlawful, unprofessional and inappropriate acts captured on video and **in fact, observed Defendant Kuryanova lead juvenile residents, in particular your Plaintiff, Rashard Calhoun, into a "conference room" behind the staff restrooms and off camera;***
- ***Defendant, Kuryanova led another minor detainee into a vacant office and performed fellatio on that minor male detainee as well as performed fellatio on minor Plaintiff, Calhoun.***
- ***Defendant, Kuryanova entered minor Plaintiff, Calhoun's room and kissed him on the mouth.***
- *Defendant, Kuryanova gave minor Plaintiff, Calhoun her personal cellular number to contact her once he is released from the detention center to continue seeing her.*

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

- *Defendant Kuryanova used her position of authority to force Plaintiff Calhoun to allow her to preform oral sex on him as well kiss him on the mouth while off camera;[4]*

140. That on April 30, 2024, Plaintiff, Rashard Calhoun reported to Juvenile Detention Specialist, Jessica Blackwell that there had been a sexual encounter between Plaintiff and Defendant Kuryanova.

141. That at that time, Jessica Blackwell reported the sexual assault complaint to Defendants, in particular Defendant Heard.

142. That upon information and belief, Defendant Strickland was Defendant Kuryanova's supervisor who had information and knowledge of Defendant Kuryanova's prior bad acts and previously spoke with Defendant Kuryanova relative to her professionalism and interactions with the minor detainees/residents. However, no adverse employment action was taken.

143. That upon information and belief, a grievance was filed on Plaintiff's behalf.

144. That Wayne County Sheriff's Office investigated the criminal sexual conduct allegations perpetrated against Plaintiff Calhoun and the other juvenile detainee and submitted a warrant request to the Wayne County Prosecutor's Office.

145. That Wayne County Prosecutor's Office charged Defendant Kuryanova with two counts of Criminal Sexual Conduct in the Second Degree (detained juvenile) in violation of MCL 750.520.

146. That on June 17, 2025, Defendant Kuryanova was found guilty as charged of two counts of Criminal Sexual Conduct in the Second Degree (detained Juvenile) by a jury before the Honorable Shannon N. Walker of Wayne County Circuit Court.

THE
SAM BERNSTEIN
LAW FIRM
31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

---

[4]See Exhibit 1 – Inspector Glass' Report.

27

147. That on July 2, 2025, Honorable Shannon N. Walker sentenced Defendant, Kuryanova to 71 months to 15 years in the Michigan Department of Corrections (to run concurrent) with 24 days credit; Defendant Kuryanova must comply with SORA and complete sex abuse prevention treatment and ordered to pay costs.

148. That upon information and belief, Defendants were aware that Defendant Kuryanova was sexually assaulting inmates and did not act upon this knowledge but instead, fostered and created a widespread culture of deliberate indifference to the protection of the juvenile inmates, in particular Plaintiff Rashard Calhoun's civil rights.

149. That upon information and belief, a pattern of similar violations had been allowed to occur and were not reported or acted upon prior to the events regarding Plaintiff.

150. That all Defendants actions were done intentionally, maliciously, knowingly, wantonly, recklessly, sadistically, with gross negligence, through deliberate indifference and without any objective reasonableness.

151. That as the direct and proximate result of Defendants' actions and inactions, Plaintiff Calhoun suffered harm and claim damages for the following, including but not limited to:

a. *Fright and shock;*
b. *Denial of social pleasure and natural enjoyments of life, past and future;*
c. *Severe and continuing embarrassment, humiliation, anxiety, tension and mortification which has physically manifested itself in insomnia, post traumatic stress disorder, nightmares, and suicide ideation with a confirmed attempt;*
d. *Punitive damages;*
e. *Denial and deprivation of his freedom of movement;*
f. *Denial and deprivation of civil rights;*
g. *Denial and deprivation of due process; and*
h. *Expenditures for physicians, hospitals, medicinal things and substances, as well as future medical expenses and treatment; and pain and suffering, discomfort, disability, emotional suffering.*

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

**WHEREFORE**, Plaintiff, Rashard Calhoun, respectfully demands a monetary judgment for damages against Defendants, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

**COUNT I - VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**CRUEL AND UNUSUAL PUNISHMENT**
**AS TO ALL DEFENDANTS**

152.  Plaintiff re-asserts and incorporates here by reference each of the preceding paragraphs.

153.  That pursuant to the Fourth, Eight and Fourteenth Amendments of the United States Constitution, at all times relevant, Plaintiff had the right to be free from cruel and unusual punishment while under the custody and control of the Defendants.

154.  That these Amendments to the United States Constitution protect Plaintiff from cruel and unusual punishment, in particular sexual abuse by Defendants.

155.  That these Amendments also require Defendants to establish policies and practices to protect Plaintiff and other children from known harms and known patterns of constitutional deprivations.

156.  That Defendants, by and through its operation of the Wayne County Juvenile Detention Facility acted as an arm of the State of Michigan, where it operated, providing a core public function, and was a state/county/local governmental actor for 42 U.S.C. § 1983 liability purposes.

157.  That at all times relevant herein, Defendants were acting under the color of law and were required to obey the laws of the United States.

158. That while Defendants had prior knowledge of Defendant Kuryanova's unlawful and inappropriate acts, Defendants policies, practices and customs created an environment

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

where Defendant Kuryanova used her position of authority as a Juvenile Detention Specialist and forced and/or encouraged Plaintiff Calhoun to allow her to perform oral sex on Plaintiff Calhoun and to kiss him on the mouth while he was a minor in Defendants custody and control.

159. That while under the Defendants watch and while the Defendants exerted custody and control of Plaintiff Calhoun, Defendant Kuryanova committed child and sexual abuse of Plaintiff Calhoun.

160. That juvenile detainees, in particular Plaintiff, Rashard Calhoun, are constitutionally protected from sexual assaults.

161. That Defendant Kuryanova's actions constituted a violation of Plaintiff's right to be free from cruel and unusual punishment in violation of 42 U.S.C. § 1983 and his rights under the Eight Amendment to the United States Constitution.

162. That Defendants did create, foster, and maintain a widespread custom of deliberate indifference to juvenile inmate safety which was the moving force and permitted Defendant Kuryanova's denial of Plaintiff Calhoun's 8th amendment constitutional right to be free from cruel and unusual punishment in clear violation of section 42 USC 1983.

163. That as a proximate result of the illegal and unconstitutional acts of Defendants, both as a whole and individually, Plaintiff Rashard Calhoun was harmed and suffered damages for his physical, mental, emotional injury and pain, mental anguish, humiliation, loss of self-esteem, embarrassment and deprivation of his constitutional rights.

164. That in subjecting Plaintiff to this wrongful treatment as described and through its violations of Plaintiff's Constitutional rights, Defendants acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard for Plaintiff's rights, so as to constitute malice and oppression.

165. That Defendants also acted recklessly or with callous indifference to the federally protected rights of the Plaintiff.

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

30

166. That Plaintiff is therefore entitled to the recovery of punitive damages, in an amount to be determined by the court, against Defendants, in a sum to be shown according to proof.

167. That furthermore, Plaintiff request the award of attorney fees pursuant to 42 U.S.C. § 1988(b).

**WHEREFORE**, Plaintiff, Rashard Calhoun, respectfully demands a monetary judgment for damages against Defendants, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

### COUNT II - VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 MUNICIPAL LIABILITY AS TO ALL DEFENDANTS

168. Plaintiff re-asserts and incorporates here by reference each of the preceding paragraphs.

169. That MDHHS is responsible for securing residential treatment facilities to which children are sent after they are adjudicated, sentenced and ordered into treatment.

170. That for years, Defendant MDHHS has failed to provide a sufficient number of state-licensed placement beds for adjudicated children.

171. That in the spring of 2022, the JDF struggled with understaffing and overcrowding so severe that it was operating under a "temporary disaster" plan.[5]

172. That in October of 2022, Defendants transferred the JDF Detroit population to the William Dickerson Juvenile Detention Facility (Dickerson) located in Hamtramck, Michigan.

THE
SAM BERNSTEIN
LAW FIRM
31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

---

[5] https://www.freep.com/story/news/local/michigan/wayne/2022/09/23/jdf-wayne-county-juvenile-jail-complaints/69510344007/

31

173.  That Dickerson was built to house 80 adults, was never designed or modified to safely hold children, and was never designed or modified to handle a greater number of residents of any age.

174.  That as of December of 2022, 138 juveniles were housed at Dickerson JDF with 65 of those 138 children waiting to be placed in a treatment facility.[6]

175.  That since October of 2022, youth housed in the Dickerson JDF were largely left to educate themselves because the school that was providing services to the JDF in Detroit was not authorized to operate in locations other than Detroit.

176.  That in January of 2023, Defendants Wayne County and MDHHS continued to point fingers at one another for the overcrowded and understaffed conditions at the JDF.

177.  That in a letter to Governor Grethen Whitmer dated January 24, 2023, Defendant Evans (Wayne County Executor) wrote:

> "I write to express to you my ongoing concern regarding the state's refusal to accept youths that are rightfully yours…. The severe shortage of state-licensed placement beds for adjudicated delinquent youth and the state's own failure to take adequate steps to address this problem has now directly impacted the operations of the WCJDF. As of this writing, 150 youth are housed at the WCJDF. Seventy of these youths are your wards awaiting placement in a state-licensed child-caring institution. The state's …inability to execute a plan to increase capacity for adjudicated youth, has created and subsequently exacerbated the crisis at our JDF."
>
> "The present shortage of juvenile justice services was foreseeable and avoidable…"
> "…We understand that there is a nearly two-year waiting list for secure residential placement. **This is completely unacceptable condition that requires action from your administration**…. However, the state must lead the state licenses Child Caring institutions and is responsible for ensuring that children adjudicated delinquent by a Michigan court have reasonable, assured access to critical services. Children should not be left to languish in detention facilities that were never intended to house them on long-term basis. **However, through the collective inaction of MDHHS, this is the reality we now face." (Emphasis added)**[7]

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

---

[6] https://www.freep.com/story/news/investigations/2022/12/16/teachers-absent-wayne-county-juvenile-jail/69728001007/
[7] https://www.freep.com/story/news/investigations/2022/12/16/teachers-absent-wayne-county-juvenile-jail/69728001007/

32

178. That Defendant MDHHS responded to Defendant Evans letter vial email written by Defendant Starling directing Wayne County to implement more community-based treatment and supervision options.

179. That a back and forth continued between Defendant Wayne County and Defendants MDHHS, each blaming the other for the deplorable conditions and environment of the JDF in particular Dickerson JDF.[8]

180. That as a result of the overcrowding and understaffing conditions at the JDF, the Wayne County Defendants implemented a policy, custom and practice of allowing youths to be out of their rooms without supervision.

181. That in 2023, roughly a year prior to Defendant Kuryanova's sexual assault of Plaintiff Calhoun, Wayne County Defendants implemented a policy, custom and practice of no longer requiring JDF staff to monitor the JDF youth, to keep the youth within their line of sight, or to make rounds every 15 minutes to check on the locations of the youth and instead stay in the control room and monitor the youth from inside the room although the staff did not have direct visual contact to all the rooms from the control.

182. The Michigan Welfare Act, MCL 400.115, et seq. promulgates the Licensing Rules for Child Caring Institutions governing the conditions of the juvenile detention facilities. These Michigan Administrative Rules are set forth in the MDHHS's Juvenile Justice Residential Policy Manual (JJPM) and the Department of Consumer and Industry Service Division of Child Welfare Licensing for Juvenile Facilities. As set forth in the JJPM:

> The purpose of this policy is to ensure facility staff, including contractors, sub-contractors, interns and volunteers avoid exposing youth to actual or potentially negative influences in compliance with the Prison Rape Elimination Act National Standards Subpart D, Standards for Juvenile Facilities, Child Caring Institution licensing rules and the Michigan Department of Health and Human Services (MDHHS)/State of Michigan hiring guidelines and rules.

---

[8] https://cloud.castus.tv/vod/misenate/video/641c5bded3cb3b00089b4009?page=HOME

THE
SAM BERNSTEIN
LAW FIRM
31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

183. That for all times relevant herein, Defendants engaged in repeated and egregious violations of the Michigan Administrative Code, including but not limited to violations of:

a. *Sufficiency of Staff- R 400.4126;*
b. *Staff to Resident Ratio- R 400.4127;*
c. *Criminal History Check- R 400.4112;*
d. *Intervention Standards and Prohibitions- R 400.4158; and*
e. *Performing variable eye-on 15 interval checks on youth.*

184. That for all times relevant herein, Defendants failed to train, discipline and supervise Wayne County Juvenile Detention Facility employees responsible for Plaintiff's custody and care, and/or encouraged Wayne County Juvenile Detention Facility employees to violate federal and state laws without regard to the constitutional rights of citizens to be free from violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

185. That for all times relevant herein, Defendants refused to provide Wayne County Juvenile Detention Facility employees any training, discipline and supervision with regard to the constitutional rights of citizens to be free from violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution; refused to provide Wayne County Juvenile Detention Facility employees with supervision and discipline to protect the constitutional rights of citizens; and refused to require Wayne County Juvenile Detention Facility employees to follow policies and procedures and state and federal law relating to Plaintiffs right to be provided with medical care for serious medical needs.

186. That for all times relevant herein, Defendants knew, or should have known, that the policies, procedures, training, supervision and discipline of Wayne County Juvenile Detention Facility employees were inadequate for the tasks that each Defendant was required to perform.

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

187. That for all times relevant herein, there was a complete failure to train, supervise and discipline Wayne County Juvenile Detention Facility employees. The training, supervision and lack of discipline were so reckless that future violations of the constitutional rights of citizens to be free from violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs, were certain to occur.

188. That for all times relevant herein, Defendants were on notice and knew that the failure of training, discipline and/or supervision of Wayne County Juvenile Detention Facility employees with regard to the constitutional rights of citizens to be free from violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs, were inadequate and would lead to the violation of Plaintiffs constitutional rights.

189. That for all times relevant herein, Defendants' response to this knowledge was so inadequate as to show a complete disregard for whether Wayne County Juvenile Detention Facility employees would violate the constitutional rights of citizens to be free from violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

190. That through the Defendants created custom/culture/policies of depriving the youth's their constitutional rights, Defendants implicitly authorized, approved, or knowingly acquiesced in the excessive force and cruel and unusual punishment of citizens, and knew, or should have known, that such treatment would deprive Wayne County Juvenile Detention Facility residents of their constitutional rights.

191. That for all times relevant herein, there was a clear and persistent pattern of violations of citizens' constitutional rights to be free from violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

192. That for all times relevant herein, Defendants knew, or should have known, that there was a clear and persistent pattern of violations of citizens' constitutional rights to be free

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

from violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

193. That for all times relevant herein, Defendants acquiesced and tolerated the Juvenile Detention Specialists' repeated violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, which allowed Wayne County Juvenile Detention Facility employees to continue to engage in this unlawful behavior.

194. That Defendants refused to discipline Juvenile Detention Specialists who violated citizens' constitutional rights to be free from violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution; failed to fully investigate allegations of misconduct, looked the other way, and thus, tacitly encouraged such behavior. In doing so, Defendants condoned, ratified or encouraged Wayne County Juvenile Detention Facility employees to violate the Fourth, Eighth and Fourteenth Amendments to the United States Constitution as a matter of policy.

195. That Defendants tolerated the Juvenile Detention Specialists' repeated violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, which allowed Wayne County Juvenile Detention Facility employees to continue to engage in this unlawful behavior.

196. That while under the color of law, Defendant, Kuryanova violated Plaintiff's Eighth and Fourteenth Amendment rights.

197. Municipal liability can be established by showing, amongst other things, that, at the time of the violation, there was "a policy of inadequate training or supervision . . . or a custom of tolerance or acquiescence of federal violations." *Baynes v. Cleland,* 799 F.3d 600,

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

621 (6th Cir. 2015). Curiously, only redacted excerpts of Defendant, Wayne County's policy manual have been produced to date.[9]

198. That Defendant, Wayne County's policy and/or practice of inadequate supervision and training fostered customs that tolerated violations of its citizens' constitutional rights to due process and/or freedom from cruel and unusual punishment by its employees.

199. That the inadequate training and supervision within Wayne County was the product of deliberate indifference by Defendants as to the constitutional rights of the juveniles detained in Wayne County Juvenile Detention Facilities.

200. That Defendants' policies, customs, and/or practices explicitly and/or implicitly permitted its employees to engage in intimate interactions with its employees and residents, in many cases without consequence.

201. That the above-mentioned policies, customs, and/or practices were consequently ratified by Defendants, Wayne County and MDHHS, the ratification of which fostered a permissive culture wherein Defendant, Kuryanova acted without any fear of facing significant repercussions.

202. That upon information and belief, Defendant, Wayne County did not adequately investigate and/or discipline Defendant, Kuryanova for violating its residents' constitutional rights.

203. That but for such policies, customs, and/or practices, Defendant, Kuryanova would not have elected to commit child and sexual abuse.

THE
SAM BERNSTEIN
LAW FIRM
31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

---

[9] Such redacted excerpts cover youth movement and supervision, resident abuse and neglect and reporting and investigation of abuse and neglect as well as zero tolerance of sexual assault and/or abuse and hiring, staffing and monitoring to prevent and effectively address sexual assault and/or sexual abuse of residents. Nonetheless, the facts and information produced at this time are indicative of a policy and/or practice of inadequate supervision and training that was adopted and/or ratified by Defendant, Wayne County.

204. That despite obvious inadequacies, the policy maker(s) of Defendants Wayne County and MDHHS made a deliberate choice not to craft or foster policies, procedures, and customs to encourage reporting, investigation, or disciplinary action to rectify and prevent said actions.

205. That despite obvious inadequacies, the policy maker(s) of Defendant, Wayne County and MDHHS made a deliberate choice not to provide Defendant, Kuryanova with the training and/or supervision that led to the child and sexual abuse at issue.

206. That Defendant, Wayne County and MDHHS's policies and/or practices of inadequate training and supervision, in addition to its custom of tolerance, were the causes or the moving forces behind the constitutional violations that ultimately led to Plaintiff's child and sexual abuse.

207. That as the direct and proximate result of Defendants' actions and inactions, Plaintiff Calhoun suffered harm and claim damages for the following, including but not limited to:

a. *Fright and shock;*

b. *Denial of social pleasure and natural enjoyments of life, past and future;*

c. *Severe and continuing embarrassment, humiliation, anxiety, tension and mortification which has physically manifested itself in insomnia, post traumatic stress disorder, nightmares, and suicide ideation with a confirmed attempt;*

d. *Punitive damages;*

e. *Denial and deprivation of his freedom of movement;*

f. *Denial and deprivation of civil rights;*

g. *Denial and deprivation of due process; and*

h. *Expenditures for physicians, hospitals, medicinal things and substances, as well as future medical expenses and treatment; and pain and suffering, discomfort, disability, emotional suffering.*

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

> i. *Any and all items of compensatory, special or equitable damages allowable under Federal and Michigan law.*

208. As a direct and proximate result of Defendants' violations under *Monell v. Department of Social Svcs.*, 436 U.S. 658 (1978), Plaintiff's rights were violated when he was sexually assaulted by Defendant, Kuryanova and Plaintiff necessarily sustained damages, including but not limited to all elements of damages listed in the paragraph(s) above.

209. In subjecting Plaintiff to this wrongful treatment as described, and through its violations of Plaintiff's Constitutional rights, Defendants acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard for Plaintiff's rights, so as to constitute malice and oppression.

210. Defendants also acted recklessly or with callous indifference to the federally protected rights of the Plaintiff.

211. Plaintiff is therefore entitled to the recovery of punitive damages, in an amount to be determined by the court, against Defendants, in a sum to be shown according to proof.

212. Furthermore, Plaintiff requests the award of attorneys' fees pursuant to 42 U.S.C. § 1988(b).

**WHEREFORE**, Plaintiff, Rashard Calhoun, respectfully demands a monetary judgment for damages against Defendants, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

### COUNT III - VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 EIGHTH AMENDMENT – DELIBERATE INDIFFERENCE TO SEXUAL ABUSE AS TO DEFENDANTS TAMYRA DICKSON, KIMBERLY HEARD, LAWRENCE JOHNSON and ANTHONY STRICKLAND

213. Plaintiff re-asserts and incorporates here by reference each of the preceding paragraphs.

214. That at all times relevant, Plaintiff had a clearly established right under the Eighth Amendment to the United States Constitution to be free from deliberate indifference for his health and safety.

215. That at all times relevant, Defendants Dickson, Heard, Johnson and Strickland, while acting under the color of law, possessed actual knowledge of Defendant Kuryanova's ongoing unlawful, willful, and wanton physical and sexual abuse of Plaintiff Calhoun and acquiesced in the same.

216. That at all times relevant herein, Defendants Dickson, Heard, Johnson and Strickland were acting under the color of law and were required to obey the laws of the United States.

217. That Defendants Dickson, Heard, Johnson and Strickland knew that Defendant, Kuryanova was engaging in inappropriate contact with juvenile detainees.

218. That Defendants Heard and Strickland previously spoke to Defendant, Kuryanova regarding her professionalism and interactions with juvenile residents/detainees.

219. That Defendants Heard, Johnson, Strickland and Dickson allowed Defendant Kuryanova to sexually abuse juvenile detainees by not immediately acting on this knowledge.

220. Defendants, Heard, Strickland, Johnson and Dickson owed a duty to protect Plaintiff from cruel and unusual punishment.

221. That Defendants, Heard, Johnson, Strickland and Dickson's actions and inactions constituted deliberate indifference to Plaintiff's health and safety in violation of 42 U.S.C. § 1983 and his rights under the Eighth Amendment to the United States Constitution to be free from deliberate indifference to his health and safety.

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

222. That a supervisor is individually liable under 42 U.S.C. § 1983 if the supervisor implicitly authorized, approved or knowingly acquiesced in unconstitutional conduct.

223. That Defendants Heard, Johnson and Strickland, as supervisors, implicitly authorized, approved or knowingly acquiesced in Defendant, Kuryanova's actions of sexually abusing Plaintiff.

224. That as the direct and proximate result of Defendants' actions and inactions, Plaintiff Calhoun suffered harm and claim damages for the following, including but not limited to:

a. *Fright and shock;*

b. *Denial of social pleasure and natural enjoyments of life, past and future;*

c. *Severe and continuing embarrassment, humiliation, anxiety, tension and mortification which has physically manifested itself in insomnia, post traumatic stress disorder, nightmares, and suicide ideation with a confirmed attempt;*

d. *Punitive damages;*

e. *Denial and deprivation of his freedom of movement;*

f. *Denial and deprivation of civil rights;*

g. *Denial and deprivation of due process; and*

h. *Expenditures for physicians, hospitals, medicinal things and substances, as well as future medical expenses and treatment; and pain and suffering, discomfort, disability, emotional suffering.*

i. *Any and all items of compensatory, special or equitable damages allowable under Federal and Michigan law.*

225. As a direct and proximate result of Defendants' violations under *Monell v. Department of Social Svcs.*, 436 U.S. 658 (1978), Plaintiff's rights were violated when he was sexually assaulted by Defendant, Kuryanova and Plaintiff necessarily sustained damages, including but not limited to all elements of damages listed in the paragraph(s) above.

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

41

226. In subjecting Plaintiff to this wrongful treatment as described, and through its violations of Plaintiff's Constitutional rights, Defendants acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard for Plaintiff's rights, so as to constitute malice and oppression.

227. Defendants also acted recklessly or with callous indifference to the federally protected rights of the Plaintiff.

228. Plaintiff is therefore entitled to the recovery of punitive damages, in an amount to be determined by the court, against Defendants, in a sum to be shown according to proof.

229. Furthermore, Plaintiff requests the award of attorneys' fees pursuant to 42 U.S.C. § 1988(b).

**WHEREFORE**, Plaintiff, Rashard Calhoun, respectfully demands a monetary judgment for damages against Defendants, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

### COUNT IV - VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 EIGHTH AMENDMENT – DELIBERATE INDIFFERENCE TO SEXUAL ABUSE AS TO WAYNE COUNTY DEFENDANTS

230. Plaintiff re-asserts and incorporates here by reference each of the preceding paragraphs.

231. That for all times relevant, Plaintiff had a clearly established right under the Eighth Amendment to the United States Constitution to be free from deliberate indifference for his health and safety.

232. That for all times relevant, the Wayne County Defendants were employed by Defendant Wayne County as the Division Director of Institutional Care and acting under the color of law and were required to obey the laws of the United States.

THE
SAM BERNSTEIN
LAW FIRM
31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

42

233. That all Wayne County Defendants were responsible for overseeing the operations of the Wayne County Juvenile Detention Facility; including but not limited to: housing, security, staff, policies.

234. That all Wayne County Defendants' policy and/or practice of inadequate supervision and training fostered customs that tolerated violations of its citizens' constitutional rights to due process and/or freedom from cruel and unusual punishment by its employees.

235. That the Wayne County Defendants' inadequate training and supervision within Wayne County was the product of deliberate indifference by all Wayne County Defendants, as to the constitutional rights of the juveniles detained in Wayne County Juvenile Detention Facilities.

236. That Wayne County Defendants' policies, customs, and/or practices explicitly and/or implicitly permitted its employees to engage in intimate interactions with its employees and residents, in many cases without consequence.

237. The above-mentioned policies, customs, and/or practices were consequently ratified by Defendants Wayne County and MDHHS, the ratification of which fostered a permissive culture wherein Defendant, Kuryanova acted without any fear of facing significant repercussions.

238. That but for such policies, customs, and/or practices, Defendant, Kuryanova would not have elected to commit child and sexual abuse.

239. That despite obvious inadequacies, the policy maker(s) of Defendants Wayne County individually named above made a deliberate choice not to provide Defendant, Kuryanova with the training and/or supervision that led to the child and sexual abuse at issue.

240. That all Wayne County Defendants' policies and/or practices of inadequate training and supervision, in addition to its custom of tolerance, were the causes or the moving

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

forces behind the constitutional violations that ultimately led to Plaintiff's child and sexual abuse.

241. That as the direct and proximate result of Defendants' actions and inactions, Plaintiff Calhoun suffered harm and claim damages for the following, including but not limited to:

    a.    *Fright and shock;*

    b.    *Denial of social pleasure and natural enjoyments of life, past and future;*

    c.    *Severe and continuing embarrassment, humiliation, anxiety, tension and mortification which has physically manifested itself in insomnia, post traumatic stress disorder, nightmares, and suicide ideation with a confirmed attempt;*

    d.    *Punitive damages;*

    e.    *Denial and deprivation of his freedom of movement;*

    f.    *Denial and deprivation of civil rights;*

    g.    *Denial and deprivation of due process; and*

    h.    *Expenditures for physicians, hospitals, medicinal things and substances, as well as future medical expenses and treatment; and pain and suffering, discomfort, disability, emotional suffering.*

    i.    *Any and all items of compensatory, special or equitable damages allowable under Federal and Michigan law.*

242. As a direct and proximate result of Defendants' violations under *Monell v. Department of Social Svcs.*, 436 U.S. 658 (1978), Plaintiff's rights were violated when he was sexually assaulted by Defendant, Kuryanova and Plaintiff necessarily sustained damages, including but not limited to all elements of damages listed in the paragraph(s) above.

243. In subjecting Plaintiff to this wrongful treatment as described, and through its violations of Plaintiff's Constitutional rights, Defendants acted willfully and maliciously with

THE
SAM BERNSTEIN
LAW FIRM
31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

the intent to harm Plaintiff, and in conscious disregard for Plaintiff's rights, so as to constitute malice and oppression.

244. Defendants also acted recklessly or with callous indifference to the federally protected rights of the Plaintiff.

245. Plaintiff is therefore entitled to the recovery of punitive damages, in an amount to be determined by the court, against Defendants, in a sum to be shown according to proof.

246. Furthermore, Plaintiff requests the award of attorneys' fees pursuant to 42 U.S.C. § 1988(b).

**WHEREFORE**, Plaintiff, Rashard Calhoun, respectfully demands a monetary judgment for damages against Defendants, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

### COUNT V - DEFENDANTS HAD A DUTY TO PROVIDE A SAFE AND SECURE FACILITY FOR JUVENILES COMMITTED TO OR OTHERWISE HOUSED AT WAYNE COUNTY JUVENILE DETENTION FACILITY PURSUANT TO CONSTITUTIONAL AND STATE LAW MANDATES - AS TO ALL DEFENDANTS

247. Plaintiff re-asserts and incorporates here by reference each of the preceding paragraphs.

248. That at all times the institutional Defendants and all their staff members, workers, employees, servants, volunteers, and the like were mandatory reporters pursuant to Michigan law and were required to report any suspected child abuse pursuant to section (3) of M.C.L. 722.623, et seq.; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendants' facilities.

249. That upon information and belief, Defendants failed to enact appropriate uniform national and system-wide protocols and policies to ensure the safety of its youth. Defendants

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

acted with an extreme disregard for the wellbeing of children in its programs by failing to properly screen, hire, and train employees, failing to report known abuse of youth in Wayne County Juvenile Detention Facilities, and ignoring and covering up complaints alleged against it regarding child abuse.

250. That Defendants failed to enact sufficient measures to ensure the safety of youth in its care.

251. That the Defendants' lack of and/or failure to enforce adequate policies and procedures for the prevention of, and proper response to, abuse of its residents exacerbated and amplified the trauma of the actual abuse.

252. That as a result of Defendants' failures, acts, and egregious omissions created a highly dangerous risk of physical, emotional, and sexual abuse for any child placed in a Wayne County Juvenile Detention Facility or program. This pervasive culture of abuse allowed perpetrators access and opportunity to abuse highly vulnerable children and young adults and gave them the impunity to act without the risk of detection or punishment.

253. That upon information and belief, Wayne County Juvenile Detention Facility was funded in large part by the State of Michigan and other government entities, jurisdictions, and agencies, both inside and outside Michigan, to provide services mandated by law for children who had been ordered to receive its services by a court.

254. That Defendants had the duty to provide treatment, supervision, and rehabilitation in accordance with federal and state Constitutional standards and laws and prevailing standards for the care and custody of juveniles in need of treatment and supervision. As detailed in this Complaint, Defendants failed to provide these services in accord with Constitutional, statutory, and community standards of care.

THE
SAM BERNSTEIN
LAW FIRM
31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

255. That as the direct and proximate result of Defendants' actions and inactions, Plaintiff Calhoun suffered harm and claim damages for the following, including but not limited to:

      a.      *Fright and shock;*

      b.      *Denial of social pleasure and natural enjoyments of life, past and future;*

      c.      *Severe and continuing embarrassment, humiliation, anxiety, tension and mortification which has physically manifested itself in insomnia, post traumatic stress disorder, nightmares, and suicide ideation with a confirmed attempt;*

      d.      *Punitive damages;*

      e.      *Denial and deprivation of his freedom of movement;*

      f.      *Denial and deprivation of civil rights;*

      g.      *Denial and deprivation of due process; and*

      h.      *Expenditures for physicians, hospitals, medicinal things and substances, as well as future medical expenses and treatment; and pain and suffering, discomfort, disability, emotional suffering.*

      i.      *Any and all items of compensatory, special or equitable damages allowable under Federal and Michigan law.*

256. As a direct and proximate result of Defendants' violations under *Monell v. Department of Social Svcs.*, 436 U.S. 658 (1978), Plaintiff's rights were violated when he was sexually assaulted by Defendant, Kuryanova and Plaintiff necessarily sustained damages, including but not limited to all elements of damages listed in the paragraph(s) above.

257. In subjecting Plaintiff to this wrongful treatment as described, and through its violations of Plaintiff's Constitutional rights, Defendants acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard for Plaintiff's rights, so as to constitute malice and oppression.

THE
SAM BERNSTEIN
LAW FIRM
31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

258. Defendants also acted recklessly or with callous indifference to the federally protected rights of the Plaintiff.

259. Plaintiff is therefore entitled to the recovery of punitive damages, in an amount to be determined by the court, against Defendants, in a sum to be shown according to proof.

260. Furthermore, Plaintiff requests the award of attorneys' fees pursuant to 42 U.S.C. § 1988(b).

**WHEREFORE**, Plaintiff, Rashard Calhoun, respectfully demands a monetary judgment for damages against Defendants, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

### <u>COUNT VI – INTENTIONAL TORT/GROSS NEGLIGENCE OF INDIVIDUAL DEFENDANTS and RESPONDEAT SUPERIOR</u>

261. Plaintiff re-asserts and incorporates here by reference each of the preceding paragraphs.

262. That for all times relevant herein, Defendants Evans, Turfe, Fernandez, McGhee, Lofton, Moorman, Shipp, Fletcher, Stewart, Brotherson, Heard, Johnson, Hertel, Starling, Kuryanova, Dickson, Strickland, Dixon and McGhee were working under the color of state law and within the course and scope of their respective employment.

263. That for all times relevant herein, Plaintiff Calhoun was a minor and juvenile detainee and as such and particularly vulnerable individual.

264. That for all times relevant herein and while Plaintiff Calhoun was a particularly vulnerable individual, Defendant Kuryanova did sexually assault him and thus, committed an intentional tort against his personage causing him to sustain severe and now permanent injury.

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

265. That for all times relevant herein, Defendant Kuryanova acted within the course and scope of her employment with Defendants and only gained access to Plaintiff Calhoun through her position of authority as a Juvenile Detention Specialist.

266. That for all times relevant herein, Defendant Dickson did observe Defendant Kuryanova commit a sexual assault/intentional tort on Plaintiff Calhoun on CCTV and grossly negligently failed to take any action to prevent, stop, and/or protect the Plaintiff from the same.

267. That for all times relevant herein, Defendants Heard, Johnson and Strickland were direct supervisors of Defendant Kuryanova and had actual knowledge of her prior unlawful and inappropriate conduct by Defendant Kuryanova against the juvenile detainees.

268. That for all times relevant herein, Defendants Heard, Johnson and Strickland did continue to place Defendant Kuryanova in a position in which she had access to juvenile detainees and was allowed to commit sexual assault/intentional tort in that capacity.

269. That for all times relevant herein, Defendants failure to remove Defendant Kuryanova from access to juvenile detainees is extreme, outrageous conduct which failed to protect the safety of particularly vulnerable individuals, in particular Plaintiff Calhoun.

270. That for all times relevant herein, Defendants acted with gross negligence and a substantial lack of concern as to whether or not Plaintiff Calhoun would sustain injury.

271. That for all times relevant herein, Defendants were responsible for the vetting, hiring, training, and supervision of its Juvenile Detention Specialist, in particular Defendants Johnson, Strickland, Dickson and Kuryanova.

272. That for all times relevant herein, Defendants were responsible for the institutional protection of its juvenile detainees at the William Dickerson Detention Center.

273. That for all times relevant herein, Defendants committed acts of gross negligence by failing to use reasonable efforts in the institutional protection of its juvenile detainees, in particular Plaintiff Calhoun, by exposing him to a known high risk of harm to a minor, namely

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

49

actual knowledge that Defendant Kuryanova would sexually assault/commit an intentional tort against Plaintiff Calhoun and cause certain injury.

274. That for all times relevant herein, individual named Defendants are not entitled to Governmental Immunity in that the governmental immunity exception of MCL 691.1407 (gross negligent/intentional acts of government employee) does not apply.

275. That for all times relevant herein, Plaintiff Calhoun was a particularly vulnerable individual (a minor and an inmate), as such Defendants, Wayne County and MDHHS, are vicariously liable for the grossly negligent/intentional acts and/or omissions of its employees, including but not limited to Defendants Evans, Turfe, Fernandez, McGhee, Lofton, Moorman, Shipp, Fletcher, Stewart, Brotherson, Heard, Johnson, Hertel, Starling, Kuryanova, Dickson, Strickland, Dixon and McGhee by virtue of MCL 691.1405, MCL 691.1407 and common law, RESPONDEAT SUPERIOR, as the employer of the individual Defendants.

276. That as the direct and proximate result of Defendants' actions and inactions, Plaintiff Calhoun suffered harm and claim damages for the following, including but not limited to:

    a.    *Fright and shock;*

    b.    *Denial of social pleasure and natural enjoyments of life, past and future;*

    c.    *Severe and continuing embarrassment, humiliation, anxiety, tension and mortification which has physically manifested itself in insomnia, post traumatic stress disorder, nightmares, and suicide ideation with a confirmed attempt;*

    d.    *Punitive damages;*

    e.    *Denial and deprivation of his freedom of movement;*

    f.    *Denial and deprivation of civil rights;*

    g.    *Denial and deprivation of due process; and*

    h.    *Expenditures for physicians, hospitals, medicinal things and*

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

*substances, as well as future medical expenses and treatment; and pain and suffering, discomfort, disability, emotional suffering.*

i.      *Any and all items of compensatory, special or equitable damages allowable under Federal and Michigan law.*

277. As a direct and proximate result of Defendants' violations under *Monell v. Department of Social Svcs.*, 436 U.S. 658 (1978), Plaintiff's rights were violated when he was sexually assaulted by Defendant, Kuryanova and Plaintiff necessarily sustained damages, including but not limited to all elements of damages listed in the paragraph(s) above.

278. In subjecting Plaintiff to this wrongful treatment as described, and through its violations of Plaintiff's Constitutional rights, Defendants acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard for Plaintiff's rights, so as to constitute malice and oppression.

279. Defendants also acted recklessly or with callous indifference to the federally protected rights of the Plaintiff.

280. Plaintiff is therefore entitled to the recovery of punitive damages, in an amount to be determined by the court, against Defendants, in a sum to be shown according to proof.

281. Furthermore, Plaintiff requests the award of attorneys' fees pursuant to 42 U.S.C. § 1988(b).

**WHEREFORE**, Plaintiff, Rashard Calhoun, respectfully demands a monetary judgment for damages against Defendants, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

THE SAM BERNSTEIN LAW FIRM

By: /s/ Joseph J. Ceglarek II

THE
**SAM BERNSTEIN**
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

51

JOSEPH J. CEGLAREK II (P-56791)
Attorney for Plaintiff
31440 Northwestern Hwy., Ste 333
Farmington Hills, MI 48334-5419
(248) 538-3151/Fax: (248) 737-4392
jceglarek@sambernstein.com

Dated: May 14, 2026

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RASHARD CALHOUN,

    Plaintiff,

v

WAYNE COUNTY, d/b/a Wayne County
Juvenile Detention Center, a political
Subdivision of the State of Michigan;
WARREN C. EVANS, *in his individual*
and his official capacity as Wayne County
Executive; ASSAD TURFE, Deputy
Wayne County Executive, *in his individual*
*capacity;* MELISSA FERNANDEZ, *in her*
*individual capacity* as Division Director of
Wayne County Juvenile and Youth Services
And Chief Administrator of Wayne County
Juvenile Detention Center; MACK D.
McGHEE, *in his individual capacity* and as
Division Director/Chief Administrator for the
Wayne County Juvenile Detention Facility;
KIMBERLY HEARD, *in her individual capacity*
as the Facility Manager for the Wayne County
Juvenile Detention Facility; TAMIKA LOFTON,
*in her individual capacity* As Facility Director for
the Wayne County Juvenile Detention Facility;
ANTHONY MOORMAN, *in his individual capacity* as
Deputy Director for the Wayne County
Juvenile Detention Facility; QUIOTIS
FLETCHER *in his individual capacity* as
Deputy Director for the Wayne County
Juvenile Detention Facility; DANTE SHIPP,
*in his individual capacity* as Operations
Supervisor for the Wayne County Juvenile
Detention Facility; KIRPHEOUS STEWART,
*in his individual capacity* as Wayne County
Juvenile Detention Center Deputy Director of
Operations; SVETLANA KURYANOVA, *in her*
*individual capacity,* TAMYRA DICKSON, *in*
*her individual capacity,* ANTHONY STRICKLAND,
*in his individual capacity,* LEONARD DIXON, *in his*
*individual capacity;* LAWRENCE JOHNSON *in*
*his individual capacity;* ELIZABETH HERTEL, *in her*

JURY TRIAL DEMANDED

Case No. 26-
Hon.

THE
**SAM BERNSTEIN**
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

53

*individual capacity* as Director of the Michigan
Department of Health and Human Services; DEMETRUIS
STARLING, *in his individual capacity* as Senior
Deputy Director of the Michigan Department
of Health and Human Services; STEVEN
YAGER, *in his individual capacity* as
the Executive Director of the Division of
Child Welfare Licensing; ASHLEIGH
BROTHERSON, *in her individual*
*Capacity* as the Division Director of
Child Welfare Licensing for the Michigan
Department of Health and Human Services;

     Defendants.

---

**THE SAM BERNSTEIN LAW FIRM**
JOSEPH J. CEGLAREK II (P56791)
MATTHEW M. ANEESE (P75217)
LISA D. SCREEN (P56951)
MARK J. BERNSTEIN (P56528)
Attorneys for Plaintiff
31440 Northwestern Hwy., Suite 333
Farmington Hills, Michigan 48334
(248) 538-3151/Fax: (248) 737-4392
jceglarek@sambernstein.com
maneese@sambernstein.com
lscreen@sambernstein.com
mbernstein@sambernstein.com
pferus@sambernstein.com (Sec.)
mthomas@sambernstein.com (Sec.)
smcgee@sambernstein.com (Sec.)

---

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

## JURY DEMAND

    Plaintiff, Rashard Calhoun, by and through his attorneys, THE SAM BERNSTEIN LAW

FIRM, PLLC respectfully requests a trial by jury of all issues so triable in accordance with

Federal Rule of Civil Procedure 38(b).

               Respectfully submitted,

               THE SAM BERNSTEIN LAW FIRM

               By: */s/ Joseph J. Ceglarek II*
                    JOSEPH J. CEGLAREK II (P-56791)
                    Attorney for Plaintiff

31440 Northwestern Hwy., Ste 333
Farmington Hills, MI 48334
(248) 538-3151/Fax: (248) 737-4392
jceglarek@sambernstein.com

Dated: May 14, 2026

THE
SAM BERNSTEIN
LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY